UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, as subrogee of Gerald Mosley, Plaintiff | § § § § |
| vs. | § CIVIL ACTION NO. 2:25-cv-469 § |
| SANARE ENERGY PARTNERS, LLC Defendant | § § § |

**ORIGINAL COMPLAINT**

NOW UNTO COURT, by and through undersigned counsel, comes plaintiff, State Farm Fire & Casualty Company, as subrogee of Gerald Mosley, complaining of defendant, Sanare Energy Partners, LLC, and in support of its cause of action shall show unto the Court as follows:

## I. PARTIES

1. Plaintiff, State Farm Fire & Casualty Company (hereinafter "State Farm"), is a foreign insurance company domiciled in the state of Illinois, with its principal place of business located in Bloomington, Illinois, that, at all times relevant hereto, issued a policy of insurance that insured, among other things, a 2017 Contender 30ST sport fishing vessel named "LINEDOUT," with Gerald Mosley listed as the named insured.

2. Made defendant herein:

   Sanare Energy Partners, LLC, (hereinafter "Sanare") is a foreign limited liability company domiciled in Delaware with its principle place of business located at 777 North Eldridge Parkway, Ste. 300, Houston, TX 77079, and authorized to do business in the state of Louisiana.

## II. JURISDICTION & VENUE

3. This Court has jurisdiction over this defendant and plaintiff's claims pursuant to 43 U.S.C. § 1333(1), the Outer Continental Shelf Lands Act and/or 46 U.S.C. § 30301, *et seq*.

## III. FACTUAL BACKGROUND

4. Gerald Mosley (State Farm's insured) owned a 2017 Contender 30ST sport fishing vessel named LINEDOUT.

5. In the early morning hours on or about March 12, 2024, Mosley departed from a marina in Cocodrie, Louisiana, to participate in the 2024 Louisiana Tuna and Wahoo Classic, a fishing tournament off the coast of Louisiana.

6. At approximately 6:30 a.m. on March 12, 2024, the LINEDOUT struck an unmarked, unlit platform in the area of the Gulf of Mexico known as Ship Shoal, Block 87-B Platform, ("SS87-B") that was owned and operated by Defendant Sanare. The platform was located approximately eight (8) nautical miles off the coast of Louisiana in the Gulf of Mexico with the closest adjacent state being Louisiana.

7. After the incident, Gerald Mosley filed a first-party insurance claim with State Farm for the insured value of the vessel.

8. State Farm's policy provided that, upon payments for a covered claim, the policyholder's rights and causes of action transferred to State Farm, to the extent of payments that it made under the policy. By virtue of any payments made under the policy, State Farm is conventionally subrogated to the rights and causes of action of its insured.

9. Alternatively, State Farm satisfied a debt owed to its policyholder by a third party. Upon satisfaction of that debt or partial satisfaction of that debt, State Farm is legally subrogated to the rights of its policyholder.

### III.    CAUSES OF ACTION

**COUNT ONE: NEGLIGENCE**

10. The allision described above and resulting total loss was caused by the negligence and fault of Defendant Sanare. Specifically, Defendant Sanare breached its duty of care in one or more of the following manners;

    a) Creating an unreasonably dangerous condition on the platform in question;

    b) Failing to properly light the platform as required by law;

    c) Failing to have the sufficient number and type of aids to navigation on the platform;

    d) Failing to equip the platform with proper fog horns;

    e) Failing to mark the platform on the relevant NOAA paper or electronic charts;

    f) Failing to comply with its obligations to maintain, inspect and ensure working aids to navigation pursuant to 33 CFR Ch 1, Subchapter C;

    g) Failing to comply with permits issued by the Army Corps of Engineers;

    h) Failing to eliminate the known unreasonably dangerous condition(s) on the platform in question; and

    i) All other acts of negligence to be proven at the trial of this matter.

11. Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constituted a breach of Sanare's duty of care. Sanare's breach of its standard of care was a proximate cause of State Farm's damages.

**COUNT TWO: NEGLIGENCE PER SE**

12. Defendant Sanare violated numerous industry standards, federal statutes and/or regulations including, but not limited to, failing to properly mark its platform on the relevant navigational charts and failure to equip the platform with the proper and required Aids to Navigation as required by the United States Coast Guard in 33 CFR Ch. I, Subchapter C. Sanare's

numerous violations of industry standards, federal statutes and/or regulations designed to prevent allisions with its platform directly and proximately caused the Plaintiff significant property damage. Sanare is negligent per se based on these statutory and regulatory violations.

## IV. DAMAGES

13. As a direct and proximate result of Defendant's negligence, Plaintiff sustained incurred damages for:

    a. Damages to the moveable property;
    b. Additional expenses, costs and damages that were incurred as a result;
    c. Cost of Court;
    d. Interest from the date of judicial demand.

## PRAYER

FOR THESE REASONS, State Farm prays that citation be issued and defendant be made to appear herein and, upon final trial of the merits, that State Farm be awarded its actual damages, costs of court and judicial interest from the date of judicial demand.

Respectfully submitted,

Jake P. Skaggs (LBN: 33454)
COZEN O'CONNOR
1221 McKinney, Ste. 2900
Houston, Texas 77010
(832) 214-3900 – office
(832) 214-3905 - fax
Email: jskaggs@cozen.com